# SCHROCK,
*Respondent,*
*v.*
# CITIZENS VALLEY BANK,
*Appellant.*

(No. 35479, CA 16612)

621 P2d 96

Michael G. Cowgill, Albany, argued the cause for appellant. On the briefs were William E. Brickey, and Weatherford, Thompson, Brickey & Powers, P.C., Albany.

J. W. Walton, Corvallis, argued the cause for respondent. On the brief were J. Britton Conroy, and Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE.*

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE

Plaintiff executed two promissory notes to the defendant together with security agreements granting defendant a security interest in certain items of personal property, mostly farm equipment. Plaintiff defaulted on the notes. Defendant commenced an action for replevin, obtained immediate possession of the collateral, and proceeded to sell it by public auction. Plaintiff thereafter brought this action to recover damages sustained by defendant's alleged failure to conduct the public auction in a commercially reasonable manner. The jury returned a verdict in the amount of $30,000 in favor of the plaintiff. Defendant appeals. We affirm.

Defendant assigns as error the denial of its motions for an order of involuntary nonsuit, for a directed verdict, and for a judgment notwithstanding the verdict. It claims there was insufficient evidence of damage to the plaintiff to submit the case to the jury and to support the jury's verdict.

Defendant's three assignments of error raise the same issue. *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or 200, 203, 485 P2d 1080 (1971); *Allister v. Knaupp,* 168 Or 630, 643, 126 P2d 317 (1942). The only question to be decided is whether there was any substantial evidence of damage to the plaintiff. In considering whether the trial court erred by denying defendant's motions, all evidence must be interpreted in the light most favorable to the plaintiff, and he is entitled to the benefit of every reasonable inference supported by the record. *McEwen v. Ortho Pharmaceutical,* 270 Or 375, 528 P2d 522 (1974).

A secured party taking possession of collateral on default may dispose of the collateral by sale or otherwise so long as every aspect of the disposition is commercially reasonable. ORS 79.5040(3). The debtor may recover from the secured party any loss caused by a failure to comply with this requirement. ORS 79.5070(1). By returning a verdict in favor of plaintiff, the jury necessarily found that the defendant did not conduct the public auction in a commercially reasonable manner.

"The normal measure of damages where there has been a failure to sell in a commercially reasonable manner is

the difference between the price actually obtained and the price that could have been obtained by proceeding in a commercially reasonable manner. * * *" *Lamb Brothers Inc. v. First State Bank of Oregon,* 285 Or 39, 54, 589 P2d 1094 (1979) (dictum), citing J. White and R. Summers, Handbook of the Law under the Uniform Commercial Code § 26-11 (1972).

Defendant's sole argument is that plaintiff failed to introduce any evidence of the prices which could have been obtained had the auction in all respects been commercially reasonable. Defendant thus contends there was no proof of damages.

Proceeds from the auction totaled approximately $143,000. Four farm equipment dealers testified on behalf of plaintiff with respect to the fair market value of various items of equipment sold at the auction. Their testimony would have allowed the jury to find the aggregate fair market value of the equipment to have been more than $200,000. Several auctioneers testified that an auctioneer conducting a forced auction owes a duty to the debtor to obtain the highest price possible for the property. Two of them testified that, although a well run auction will bring a fair market price, receipt of 80 to 90 percent of the fair market value would be acceptable. The jury could reasonably have concluded that, had the auction been conducted in a commercially reasonable manner, it would have brought in $173,000 or more and that plaintiff suffered a loss in the amount of $30,000.

Affirmed.